J2.FOIL, J.
This appeal challenges a remedy fashioned by a trial judge in a mandamus action. After a thorough review of the record, we affirm.
BACKGROUND
Todd Sanders filed this petition for a writ of mandamus in the 19th Judicial District Court seeking to compel the Patient’s Compensation Fund Oversight Board (Board) to forward medical malpractice complaints dating back to 1975 to the clerk of the Louisiana Supreme Court. Mr. Sanders is a medical malpractice claimant in a lawsuit filed against Dr. Thomas C. Wooldridge in another court.
In 1981, the legislature enacted La.R.S. 40:1299.47 A(3)(c) to require the Commissioner of Insurance to forward a copy of a medical malpractice complaint to the clerk of the Louisiana Supreme Court (Court), including the names of the parties who are qualified under the Medical Malpractice Act. 1981 La.Acts 791, § 1. In 1990, the Board was created by virtue of La.Acts 967, § 2. La.R.S. 40:1299.44 D(l)(a). La.R.S. 40:1299.47 A(3)(c) was amended by that act to provide that “it shall be the duty of the Board” to forward copies of malpractice complaints, within 15 days of the receipt of the claim, to the Court.
In his petition, Sanders demanded that the Board comply with the law in the future and also file all malpractice complaints dating back to September 1, 1975, when the Patient Compensation Fund was created. Sanders alleged, and the record reflects, that no malpractice complaints have been filed with the Court. Cheryl Jackson, the Director of the Board’s medical review panel commission, worked for the Patient Compensation Fund since its inception in 1975. She testified that since 1977, twenty thousand medical malpractice complaints had been filed, nineteen thousand of which involved qualified health care providers. She stated that since 1990, eleven thousand complaints were filed. She attested that it would take at least a year to retrieve and copy all malpractice complaints *717 dating back to 1977, and six months to obtain those dating back to 1990.
13After a hearing, the trial judge granted the writ of mandamus to require the Board to comply with La.R.S. 40:1299.47 A(3)(c) and to forward, from the date of the judgment, all malpractice complaints received by the Board to the Court. The judge further ordered the Board to forward all copies of malpractice complaints filed with the Board against Dr. Wooldridge to the Court. Finally, the judge enjoined the Board from destroying any malpractice complaints currently in its possession.
Sanders appealed the ruling, contending that the judge erred in limiting the Board’s duty to file all complaints to those filed after the date of the judgment. Sanders insists that the judge should have ordered the Board to forward all complaints retroactively to the date the statutory duty was created (1981) or the date that the Board was created (1990).
DISCUSSION
Mandamus is an extraordinary remedy which must be used by the courts sparingly to compel action that is clearly provided by the law, but only where it is the only available remedy or where the delay occasioned by the use of any other remedy would cause injustice. Allen v. St. Tammany Parish Police Jury, 96 0938, p. 4 (La.App. 1 Cir. 2/14/97); 690 So.2d 150, 153, writ denied, 97-0599 (La.4/18/97); 692 So.2d 455. The purpose of a writ of mandamus is to compel the performance of the duty owed to a person requesting a duty. That duty cannot simply be an interest that is owed to the general public as a whole, but rather, plaintiff must establish that he possesses a special interest in having the law enforced. State v. Mayor and Board of Aldermen of City of Tallulah, 549 So.2d 891, 896 (La.App. 2nd Cir.1989), writ denied, 556 So.2d 39 (La.1990).
We find no abuse of discretion by the trial judge in limiting the Board’s obligation to comply with the law to filing those complaints received after the date of the judgment. Appellant, a medical malpractice claimant, has no particular interest in requiring the Board to forward thousands of malpractice complaints that are unrelated to his present litigation. The judge did require the Board to forward all complaints relating to the physician appellant is suing. |4We believe that any remote interest that Sanders may have as a malpractice claimant or a Louisiana eitizén in requiring the Board to comply with its statutory duty to furnish the Court with copies of malpractice complaints is amply satisfied by the judge’s order.
Furthermore, the judge found that Sander’s request that it forward all complaints in its possession since 1977 or 1990 was simply an unreasonable one. We find no error in this determination, and we decline to disturb it.
CONCLUSION
Based on the foregoing, the judgment appealed from is affirmed. All costs of this appeal are assessed to appellant, Todd Sanders.
AFFIRMED.