**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 01-30953**

---

**FLOYD J. MOORE, SR.,**

                                        **Petitioner-Appellant,**

**versus**

**BURL CAIN,**

                                        **Respondent-Appellee.**

---

**Appeal from the United States District Court**
**for the Western District of Louisiana**

---

July 11, 2002

Before HIGGINBOTHAM, JONES, and BARKSDALE, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

At issue is whether the Antiterrorism and Effective Death Penalty Act's (AEDPA's) one-year limitations period, 28 U.S.C. § 2244(d)(1), was tolled by a Louisiana state prisoner's state court application for a writ of mandamus, seeking to have the state trial court ordered to rule on his habeas application. **AFFIRMED.**

I.

Floyd Moore was convicted of armed robbery and sentenced to 120 years imprisonment. *State v. Moore*, 575 So. 2d 928, 931 (La. Ct. App. 1991). On 27 February 1991, the Louisiana Second Circuit Court of Appeal (Second Circuit) affirmed, *id*. at 937; Moore did not seek direct review by the Louisiana Supreme Court.

In February 1994, Moore filed his first state habeas application. The trial court dismissed the application that April for failure to comply with LA. CODE CRIM. PROC. ANN. art. 926 (requirements for state habeas application). Moore filed, and the trial court granted, a motion to appeal the denial to the Second Circuit.

In June 1996, approximately two months after AEDPA was enacted, Moore filed his second state habeas application. That July, the state trial court denied the application because, *inter alia*, it again did not comply with article 926. That September, the trial court ordered that Moore's request for supervisory writs to review the habeas denial be filed in the Second Circuit.

That November (1996), two appeals were lodged in the Second Circuit. The Second Circuit's orders refer to trial court case numbers 53712 and 53713 — the numbers assigned to each armed robbery charge during Moore's initial criminal proceedings. (Accordingly, it appears an appeal was docketed for each charge for which he was convicted.) Later that November, the Second Circuit ordered the two matters consolidated and converted to an application for a writ of review. On 19 December 1996, a date pertinent to the tolling issue at hand, the Second Circuit denied the writ, holding that the trial court did not err in denying habeas relief.

Much earlier, on 5 December *1995*, during the time in which Moore sought state habeas relief, he also filed an application for a writ of mandamus with the Second Circuit; it was docketed as number 28479-KH. According to the Second Circuit's 11 January 1996 denial of that application, Moore's application had asked that the trial court be directed to rule on his first (February 1994) habeas application. (In Moore's subsequent papers in federal district court, he stated that the purpose of the mandamus application was to have "the trial court ... rule o[n] his original application for post conviction relief with supplements included". The mandamus application is *not* in the record. Our assumption of the application's contents is based on the orders of the Second Circuit and the Louisiana Supreme Court.)

The Second Circuit denied mandamus relief because, in April 1994, the trial court had ruled on that first habeas application. On 22 February and 28 March 1996, the Second Circuit denied Moore's motions to reconsider the mandamus ruling.

On 11 March 1996, the Louisiana Supreme Court received and filed Moore's application for a supervisory writ from the Second Circuit, bearing its docket number 28479-KH, the number assigned to the mandamus application. On 16 May 1997, another date pertinent to the tolling issue at hand, the Louisiana Supreme Court denied the writ application concerning mandamus. *State ex rel. Moore v. State*, 693 So. 2d 790 (La. 1997).

3

Moore did not file his federal habeas application until 15 May 1998. The magistrate judge recommended its dismissal as time-barred on the ground that none of Moore's state applications tolled AEDPA's limitations period. This was because they were untimely under LA. CODE CRIM. PROC. ANN. art. 930.8, which provided that an application for post-conviction relief shall not be considered unless it is filed within three years after a conviction becomes final. (Article 930.8 was amended in 1999 and lowered the limitations period to two years. LA. CODE CRIM. PROC. ANN. art. 930.8 (West Supp. 2002).) The district court accepted the recommendation and in July 2000 dismissed Moore's habeas application.

Our court granted an AEDPA certificate of appealability (COA) and vacated and remanded for a determination whether, in the light of *Smith v. Ward*, 209 F.3d 383 (5th Cir. 2000) (holding AEDPA limitations period tolled despite state habeas application's untimeliness under article 930.8), Moore's "second and third state habeas applications" tolled the limitations period. *Moore v. Cain*, No. 99-30858, at 2 (5th Cir. 28 June 2000) (unpublished). (Moore apparently filed a third post-conviction application in the state trial court in December 1997, seeking another appeal. After the trial court denied and dismissed the application, the Second Circuit denied a writ of review on 25 March 1998, holding that the application was time-barred under article 930.8. Moore does not

4

rely on this third state application to toll the AEDPA limitations period.)

On remand, the magistrate judge again recommended dismissal as time-barred, on the basis that neither the 1994 nor the 1996 state habeas applications were "properly filed" as required by 28 U.S.C. § 2244(d)(2) and, as a result, did not toll AEDPA's limitations period. *Moore v. Cain*, No. 98-921-M (W.D. La. 25 Apr. 2001) (*Moore-USDC*). In addition, the magistrate judge recommended that the pendency of the mandamus application until 16 May 1997 did not toll that limitations period because it was a "continuing attempt to litigate [the] improperly filed [state habeas] application". *Id*. at 7.

In July 2001, the district judge accepted the report and recommendation and dismissed Moore's habeas petition. That August, a COA was denied by the district court.

That November, however, our court granted Moore a COA on the following issue: "[W]hether the district court erred in failing to consider whether Moore's mandamus petition constituted 'other collateral relief' [pursuant to § 2244(d)(2)] so as to toll the limitations period under [that section]". *Moore v. Cain*, No. 01-30953, at 2 (5th Cir. 29 Nov. 2001) (unpublished).

II.

At issue is whether AEDPA's limitations period was tolled between 19 December 1996 (Second Circuit's writ denial concerning

5

the trial court's denial of habeas relief) and 16 May 1997 (Louisiana Supreme Court's writ denial concerning Moore's mandamus application). Restated, did the pendency of the mandamus request (filed pre-AEDPA and not denied by the Louisiana Supreme Court until mid-May 1997) toll the limitations period? "We review de novo the ... denial of [a] habeas application on procedural grounds". *Melancon v. Kaylo*, 259 F.3d 401, 404 (5th Cir. 2001).

A.

Neither the district court nor the State's brief addresses whether Moore's federal habeas petition is exhausted; it appears it is not. "Applicants seeking habeas relief under [28 U.S.C.] § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented *to the highest state court*". *Id*. (emphasis added).

It does not appear that Moore has presented his habeas claims to the Louisiana Supreme Court. He did not seek review in the Louisiana Supreme Court after the Second Circuit, on direct appeal, affirmed his convictions. Furthermore, concerning his 1994 and 1996 state habeas applications, after the Second Circuit's writ denial in December 1996, Moore never sought review in the Louisiana Supreme Court. The May 1997 Louisiana Supreme Court writ denial concerned only his mandamus application. In addition, nothing in

6

the record suggests that Moore sought review in the Louisiana Supreme Court concerning his third state habeas application.

Moore apparently applied to the Louisiana Supreme Court for a writ concerning a motion he filed in 2000 in the state trial court, contending that his sentence is illegal. Nevertheless, he never allowed the Louisiana Supreme Court to rule on this writ application; it was dismissed at his request. *State ex rel. Moore v. State*, 788 So. 2d 439 (La. 2001).

Although the State has not addressed whether Moore's federal petition is unexhausted for failure to present his federal claims to Louisiana's highest court, the

> state's implicit waiver of the exhaustion issue ... is not determinative. Under AEDPA, "[a] state shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement *unless* the State, through counsel, *expressly* waives the requirement".

*Mercadel*, 179 F.3d at 276 (emphasis added; alteration in original; quoting 28 U.S.C. § 2254(b)(3)).

We need not decide this issue. Assuming exhaustion, and for the reasons stated *infra*, Moore's petition is untimely.

B.

The State does maintain that Moore's federal petition is time-barred. AEDPA provides in part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment

7

> of a State Court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review....

28 U.S.C. § 2244(d)(1).

Moore's conviction became final in 1991, after the Second Circuit affirmed his conviction. *See* LA. CODE CRIM. PROC. ANN. art. 922(B) ("A judgment rendered by the supreme court or other appellate court becomes final when the delay for applying for a rehearing has expired and no application therefor has been made.") But, because that conviction became final prior to 24 April 1996, AEDPA's effective date, its one-year limitations period did not begin to run until that later date. *See* **Flanagan v. Johnson**, 154 F.3d 196, 200 (5th Cir. 1998).

Accordingly, but for the tolling provision discussed *infra*, Moore's federal habeas petition had to be filed on or before 24 April 1997. *See id*. at 202. It was not filed until 15 May 1998.

The tolling provision provides that "[t]he time during which a properly filed application for State post-conviction *or other collateral review with respect to the pertinent judgment or claim* is pending shall *not* be counted toward any period of limitation under ... [§ 2244(d)(1)]". 28 U.S.C. § 2244(d)(2) (emphasis added). As stated, the district court determined: neither the 1994 nor the 1996 state habeas applications were "properly filed";

8

and, as a result, they did not toll the limitations period. ***Moore-USDC***, at 6, 8.

According to the district court, both habeas applications were dismissed by the trial court because of Moore's "failure to conform to various [state] procedural filing requirements set forth in ... art. 926". *Id*. at 5. Article 926 requires, *inter alia*, that a "copy of the judgment of conviction and sentence shall be annexed to the petition", and that the application shall name the custodian. LA. CODE CRIM. PROC. ANN. art. 926(A) & (B).

In holding the applications were not "properly filed", the district court relied on ***Williams v. Cain***, 217 F.3d 303, 306 (5th Cir. 2000) (internal quotation marks omitted), which held an application is "properly filed" when it "conforms with a state's applicable procedural filing requirements", defined as "those prerequisites that must be satisfied before a state court will allow a petition to be filed and accorded some level of judicial review".

Assuming *arguendo* the district court is incorrect that a state habeas application's not conforming to article 926 is not "properly filed", the Second Circuit's writ denial occurred on 19 December 1996 (during the limitations period that commenced on 24 April 1996, but was tolled by the pending state habeas application); and Moore's federal habeas petition was not filed until 15 May 1998, far more than a year later. Accordingly, *assuming* Moore's state

9

habeas applications were "properly filed", the only way his federal petition is timely is if AEDPA's limitations period was tolled between the Second Circuit's writ denial (19 December 1996) and the Louisiana Supreme Court's writ denial concerning his mandamus application (16 May 1997). (The Sixth Circuit has held that "a state petition for post-conviction or other collateral review must present a federally cognizable claim for it to toll the statute of limitations pursuant to ... § 2244(d)(2)". *Palmer v. Carlton*, 276 F.3d 777, 780 (6th Cir. 2002). It is unknown whether Moore's mandamus application did so, because it is not in the record on appeal. In the light of our holding the federal application time-barred, we need not reach this issue.)

The COA states the issue as whether the mandamus application constitutes "other collateral relief". "[C]ollateral review", not "collateral relief", is used in § 2244(d)(2). Therefore, pursuant to the language of § 2244(d)(2), at issue is whether the mandamus application is an "application for State post-conviction or other collateral *review* with respect to the pertinent judgment or claim". (Emphasis added.)

"Statutory interpretation begins, of course, with the plain language of the statute. When the [statute's] language ... is plain we must abide by it; we may depart from its meaning only to avoid a result so bizarre that Congress could not have intended

10

it." ***Withrow v. Roell***, 288 F.3d 199, 203 (5th Cir. 2002) (internal citation and quotation marks omitted).

In considering the language "post-conviction or other collateral", words which modify "review with respect to the pertinent judgment or claim", the Supreme Court has noted: "Incarceration pursuant to a state criminal conviction may be by far the most common and most familiar basis for satisfaction of the 'in custody' requirement in § 2254 cases". ***Duncan v. Walker***, 533 U.S. 167, 176 (2001). Nevertheless, the Court recognized that "it is possible for 'other collateral review' to include review of a state court judgment that is not a criminal conviction". ***Id***. at 175.

In further analyzing this language, the Court stated:

> Congress also may have employed the construction "post-conviction or other collateral" in *recognition of the diverse terminology* that different States employ to represent the different forms of collateral review that are available after a conviction. In some jurisdictions, the term "post-conviction" may denote a particular procedure for review of a conviction that is distinct from other forms of what conventionally is considered to be postconviction review.... Congress may have refrained from *exclusive reliance* on the term "post-conviction" so as to leave no doubt that the tolling provision *applies to all types of state collateral review* available after a conviction and not just to those denominated "post-conviction" in the parlance of a particular jurisdiction.

***Id***. at 177 (emphasis added).

11

Accordingly, with this language, Congress meant to include within the scope of § 2244(d)(2) those "properly filed" applications, without respect to state nomenclature or the nature of the petitioner's state confinement, that, pursuant to the wording of § 2244(d)(2), seek "review" of the "pertinent judgment or claim". For our purposes, the key inquiry is whether Moore's mandamus application sought "review" of the judgment pursuant to which he is incarcerated.

In Louisiana, the scope and purpose of mandamus are consistent with its generally understood use. Under Louisiana law: "Mandamus is an extraordinary remedy which must be used by courts sparingly *to compel action* that is clearly provided by the law, but only where it is the only available remedy or where the delay occasioned by the use of any other remedy would cause injustice". **Sanders v. Woolridge**, 729 So. 2d 715, 717 (La. Ct. App. 1999) (emphasis added). Its "purpose ... is *to compel the performance* of the duty owed to a person requesting a duty". **Id.** (emphasis added).

Moore's mandamus application apparently sought an order directing the trial court to perform its duty. (Again, the application is *not* in the record.) It did not challenge the judgment pursuant to which Moore is incarcerated. Moreover, in adjudicating the mandamus application, the circumstances surrounding that judgment were not relevant. In other words, the

12

propriety of that judgment had nothing to do with whether the trial court should have been directed to rule.

In short, the application did not seek *review of the judgment*. *See, e.g.,* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1944 (1986) (defining "review" as, *inter alia*, "to *reexamine* judicially"; "to *go over* or *examine* critically or deliberately").  Instead, it sought a directive that the trial court rule.  Accordingly, the mandamus application did not toll the limitations period; it was not a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment".

### III.

For the foregoing reasons, the judgment is

**AFFIRMED.**

13