**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 01-60939
Summary Calendar

_____

CHARLES TORNS, JR., also known as
Charles Torns,

Petitioner-Appellant,

versus

STATE OF MISSISSIPPI; ROBERT ARMSTRONG,

Respondents-
Appellees.

--------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:00-CV-905-BN
--------------------------------------------------------
November 22, 2002

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:*

    Charles Torns, Jr., Mississippi prisoner # 32205, seeks a certificate of appealability (COA)

to appeal the district court's dismissal as untimely of his 28 U.S.C. § 2254 petition challenging his

1993 convictions for mail fraud and uttering forgery.  In order to obtain a COA, Torns must make

a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Torns asserts that the district court erred in dismissing his federal petition as untimely. The filing of his motion for transcripts in the trial court did not toll the limitations period because it did not constitute "collateral review with respect to the pertinent judgment." Moore v. Cain, 298 F.3d 361, 2002 WL 1480896 at *4-*6 (5th Cir. July 11, 2002)(No. 01-30953). Torns's motions for rehearing following the denial of his motions in the Mississippi Supreme Court did not entitle him to tolling because they were not "properly filed" under Mississippi law. See Villegas v. Johnson, 184 F.3d 467, 470 n.2 (5th Cir. 1999); MISS. R. APP. P. 27(h). The "mailbox rule" does not apply to Torns's state filings. See Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999).

However, the record indicates that Torns filed two postconviction applications in the trial court challenging the same conviction, which were not considered by the State or by the district court for tolling purposes. Reasonable jurists could find it debatable that the district court erred in dismissing the federal petition as untimely, and a review of Torns's issues reveals that he has presented debatable claims of constitutional magnitude. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Consequently COA is GRANTED on the following issue: whether state postconviction applications, filed in the trial court on February 17, 1998, and April 15, 1999, should serve to toll the one-year limitations period. Because the record is insufficient to establish the propriety of the district court's ruling in light of these other habeas applications, the case is REMANDED to the district court for further consideration of this issue.

Torns has moved for a temporary restraining order, a writ of prohibition, supplementation of the appellate record, a stay of the proceedings until supplementation occurs, appointment of counsel, permission to file a writ of habeas corpus under the All Writs Act, and for a remand of the case. These motions are DENIED.

COA GRANTED; JUDGMENT VACATED; CASE REMANDED; ALL OTHER MOTIONS DENIED.