**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

01-31310

KERRY MYERS,

Petitioner-Appellant,

VERSUS

BURL CAIN, Warden, Louisiana State Penitentiary,

Respondent-Appellee.

Appeal from the United States District Court
For the Eastern District of Louisiana
(00-CV-2269-D)
December 16, 2002

Before HIGGINBOTHAM, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[1]

Kerry Myers appeals the dismissal of his petition for habeas corpus as untimely, arguing that district court erred in refusing to toll the statute of limitations during two time periods in dispute. Finding the petition time-barred by the one-year

---

[1]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

limitation period of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1),[2] we affirm.

## I.  Background

AEDPA applies to all habeas corpus petitions filed after April 24, 1996, AEDPA's effective date.  Kiser v. Johnson, 163 F.3d 326, 327 (5th Cir. 1999).  Because his conviction became final in 1992,[3] before AEDPA's effective date (April 24, 1996), absent any tolling, Myers was afforded until April 24, 1997, to file an application for federal habeas relief.  Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998).

The one-year time limitation on seeking relief under 28 U.S.C. § 2244 is tolled by the pendency of "State post-conviction or other collateral review."  23 U.S.C. § 2244(d)(2).  Myers did file three state applications for post-conviction relief, which effected some tolling, but not enough, as discussed below.  Myers argues, first, that a civil suit he filed was such an essential part of his quest for post-conviction relief that, legally or equitably, additional tolling should apply for that proceeding.  Second, he argues that equitable tolling should apply to a period following the denial of

---

[2]  Under AEDPA, "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."   28 U.S.C. § 2244(d)(1).

[3]  The denial of 1appellate relief and certiorari following Petitioner's conviction for second degree murder is reported in State v. Myers, 584 So. 2d 242 (La. App. 5th Cir. 1991), writ denied, 588 So. 2d 105 (La. 1991), cert. denied, 504 U.S. 912, 112 S. Ct. 1945, 118 L. Ed. 2d 550 (1992).

relief in his third state application for post-conviction relief, because neither he nor his counsel was notified that a decision had been rendered. As explained below, we hold that the period during Petitioner's civil action did not toll the federal limitations period, and that the second period fell after the limitations period had already expired.

## II. Tolling for the Civil Suit

We review de novo the denial of federal habeas corpus relief on procedural grounds. Moore v. Cain, 298 F.3d 361, 364 (5th Cir. 2002). We review denial of equitable tolling for abuse of discretion. Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164, 121 S. Ct. 1124, 148 L. Ed. 2d 991 (2001).

Myers first asks us to toll a period of time spent pursuing a civil action. The civil suit was related conceptually to his efforts to obtain post-conviction relief, in that his first and second state applications for post-conviction relief were based in part on newly discovered evidence as a result of a book about the homicide written by Joseph Bosco; the civil action sought to revoke Bosco's journalistic privilege against divulging his sources.

The case was not related procedurally, however. In Petitioner's first application for post-conviction relief, the state court denied relief in part because Bosco refused to name his sources. In the second application Myers included an affidavit that the affiant had information from Bosco about prosecutorial and

3

judicial misconduct in Petitioner's case.  Myers argued that in revealing information to his affiant, Bosco waived any privilege. The state court denied relief, holding that the affidavit was not competent, and further suggesting that revocation of privilege may be obtained via a state court action.  It was then that Myers filed his civil action against Bosco seeking to revoke Bosco's claim of privilege.

Myers asks that we toll, equitably or legally, for his pursuit of the civil action the period from November 4, 1997, to May 7, 1998.  That time frame implies that the civil action was a continuation of the post-conviction relief process, since those are the dates, respectively, of the denial of relief on the second application and of the filing of the third state application for post-conviction relief.  The actual dates of pendency of the civil action were from December 10, 1997, the date it was filed, to March 25, 1998, the date of judgment by default against Bosco.

Myers argues that the civil suit was an essential component of the post-conviction relief "effectively demanded" by the state district court.  The state court's remarks about waiver of journalistic privilege were a suggestion and used permissive, not injunctive, language.[4]  Nothing in the order supports the notion

---

[4]  The court stated,
While the affidavit is insufficient for an evidentiary hearing, defendant Myers may file an action seeking to revoke the reporter's privilege in Orleans parish.  If his action is successful in Orleans parish, then the evidence thereby procured may be used as the basis for another post conviction

that this civil action was mandated by the judge or that it was part of the ongoing state habeas petition.  The judge indicated that Myers "may" file the action, and that any evidence procured "may" be used in "another" post-conviction proceeding.

A civil suit to obtain evidence needed for a state habeas petition is not a collateral attack on a conviction which would toll the statute of limitations.  See Moore, 298 F.3d at 367 (holding that a mandamus application did not toll the one-year period because it did not seek review of the judgment pursuant to which the petitioner was incarcerated); see also Flanagan, 154 F.3d at 198-199 (no statutory tolling while a petitioner gathers evidence to support his petition when the factual predicate for claim that the evidence supported was known to the petitioner at an earlier date).  We find no basis under § 2244(d)(2) to toll the time the civil suit was pending as a continuation of the post-conviction relief or as collateral review of the judgment of conviction.  Petitioner's second state petition ceased to be pending when relief was denied, and the one-year limitation did not continue to be tolled for Petitioner's civil suit to revoke the reporter's privilege.

Nor do we find grounds for equitable tolling during the same time period.  We have considered United States v. Patterson, 211 F.3d 927 (5th Cir. 2000), which allowed equitable tolling, and find

---

relief application in this court.
1 R. 268-69.

it distinguishable. First, Patterson was a pro se litigant who was misled by the district court's statement upon dismissal that he could refile. Myers was represented by counsel who should have realized that, with a dismissal of his second petition, Petitioner's one-year would continue to run while he was pursuing the civil suit. Alternatively, counsel could have appealed in his post-conviction proceedings while pursuing the civil suit in order to continue tolling the one-year period. A further distinction is the diligence of petitioner: while Patterson diligently pursued his claims, the same cannot be said of Myers. Myers knew about his claim of new evidence when he filed his first habeas petition in 1994, and received information after his first state application was denied (November 1995) that Bosco had divulged information to petitioner's affiant and thereby waived his privilege. Yet Myers did not pursue an action to revoke privilege until December 1997.

The doctrine of equitable tolling applies in "extraordinary circumstances." Fisher, 174 F.3d at 713. Gathering evidence to support a state habeas claim is not an exceptional circumstance worthy of equitable tolling, particularly where the claim was not diligently pursued. Equitable tolling for such a reason would "characterize as 'rare and exceptional' those circumstances that countless other prisoners could claim as their own." Felder v. Johnson, 204 F.3d 168, 173 (5th Cir. 2000), cert. denied, 531 U.S. 1035 , 121 S. Ct. 622 , 148 L. Ed. 2d 532 (2000). Equity is for

6

those who diligently pursue their rights.  See id. at 176; Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999), cert. denied, 529 U.S. 1057, 120 S. Ct. 1564, 146 L. Ed. 2d 467 (2000).  Therefore, we find no abuse of discretion in the district court's refusal to equitably toll the one-year limitation.

### III.  The Period of No Notice

Myers next claims that he received no notice of the court's denial of the third state application for relief until August 23, 1999.  Thus he contends that the time from January 25, 1999, the denial of the third state court application, to August 23, 1999, when his counsel first got word of that denial, should be equitably tolled.

Any time Myers was unaware of the ruling on his third state petition does not affect our decision, because Petitioner's federal petition is untimely regardless.  As the magistrate judge calculated in his Report and Recommendation, 204 days of Petitioner's one-year limit expired between AEDPA's effective date (April 24, 1996) and the date Myers filed his second state petition (November 15, 1996).[5]  Since the time Myers spent pursuing his civil suit did not toll the limitation period, Myers had only 161 days left after denial of his second petition (November 4, 1997).  Thus his one-year period ran out before he filed his third state

---

[5]  The first state application for post-conviction relief was filed and concluded in 1995, before the effective date of AEDPA, and so does not affect the limitation period.

petition (May 7, 1998) and well before he filed this federal habeas petition (July 27, 2000, at the earliest).

The district court's conclusion that this petition was time barred by the one-year limitation period of AEDPA is well founded.

## IV.  Conclusion

There being inadequate grounds shown to toll the one-year limitation period in this case, we find no error in the district court's dismissal of the petition as untimely under AEDPA.

AFFIRMED.