William Edward BRANHAM,
Petitioner—Appellant,

v.

John IGNACIO, et al., Respondents—
Appellees.

No. 02–17219.
D.C. No. CV–00–00398–ECR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 10, 2003.

Decided Dec. 11, 2003.

John C. Lambrose, FPDNV——Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Robert E. Wieland, Deputy Atty. General, AGNV——Office of the Nevada Attorney General, Carson City, NV, for Respondent–Appellee.

Before PREGERSON, BEAM,* and PAEZ, Circuit Judges.

* The Honorable C. Arlen Beam, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

## MEMORANDUM**

William Branham, a Nevada state prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition as time-barred. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *Biggs v. Duncan,* 339 F.3d 1045, 1047 (9th Cir.2003), and we affirm.

Branham argues that two events tolled the limitations period. First, Branham filed a mandamus petition in state court to compel his trial counsel to turn over his case file. Branham argues that the limitations period tolled both equitably and statutorily while the mandamus petition was pending. Second, he argues that the limitations period equitably tolled between the time the Nevada Supreme Court issued its remittitur on his state post-conviction attack and the time he received the court clerk's letter confirming the remittitur's issuance. This second period, he argues, warrants equitable tolling because his state post-conviction counsel did not notify him of the remittitur's issuance.

■ First, the limitations period did not statutorily toll while his mandamus petition was pending. Statutory tolling applies while a "properly filed application for State post-conviction or other collateral *review* with respect to the pertinent judgment or claim is pending." 28 U.S.C. 2244(d)(2) (emphasis added). Section 2244(d)(2) did not apply because Branham's mandamus petition sought an order to compel document production, not a review of the pertinent judgment or claim. *See Moore v. Cain,* 298 F.3d 361, 366 (5th Cir.2002).

■ Nor did his state-court mandamus petition equitably toll the limitations period. Equitable tolling applies when extraordinary circumstances beyond a prisoner's control make it impossible for him to timely file his federal petition. *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999). Here, even if the circumstances necessitating his mandamus petition were extraordinary, Branham cannot show impossibility. After the trial court granted his mandamus petition, Branham filed a state post-conviction attack. That attack was pending for *two years.* The statute of limitations tolled during that period. And when the Nevada Supreme Court finally rejected that attack-*even absent any tolling*—Branham still had ninety-nine days to file a timely pleading. Branham could have prepared his federal petition during the two years his state post-conviction attack was pending or during the ninety-nine days following its dismissal. So even if it was extraordinary that Branham had to file a mandamus petition to obtain his files, equitable tolling does not apply because Branham has not shown that the resulting delay rendered timely filing impossible. *Cf. Spitsyn v. Moore,* 345 F.3d 796, 798 (9th Cir.2003) (holding that equitable tolling may be appropriate when attorney withholds files for more than one year and neither files the action nor returns the files until *after* the limitations period has run).

■ Finally, the limitations period did not equitably toll during the time between the Nevada Supreme Court issuing its remittitur and Branham receiving the clerk's letter. Even assuming Branham has shown that his attorney failed to notify him, that failure does not qualify as an extraordinary circumstance that made timely filing impossible. *See Miranda v. Castro,* 292 F.3d 1063, 1068 (9th Cir.2002);

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Frye v. Hickman,* 273 F.3d 1144, 1145–46 (9th Cir.2001).

AFFIRMED.