IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 14, 2007

Charles R. Fulbruge III
Clerk

No. 05-20559

Wilbert Ray Hutson

Petitioner-Appellant

v.

Nathaniel Quarterman, Director, Texas Department of Criminal Justice,
Correctional Institutions Division

Respondent-Appellee

Appeal from the United States District Court
For the Southern District of Texas

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:

At issue is whether a post-conviction motion pursuant to Texas Code of Criminal Procedure article 64.01 for DNA testing qualifies as "other collateral review" and thus tolls the Antiterrorism and Effective Death Penalty Act's (AEDPA's) one-year limitations period under 28 U.S.C. § 2244(d)(1). We conclude that it does.

I

On September 26, 2001, Wilbert Ray Hutson was convicted by a jury of aggravated assault and was sentenced to ten years in prison. On October 10, 2002, the state appellate court affirmed Hutson's conviction. On April 2, 2003, the Texas Court of Criminal Appeals refused his petition for discretionary review. The final disposition date was April 18, 2003.

Hutson filed a petition for writ of certiorari in the United States Supreme Court, which was returned because it did not comply with court rules. On May 7, 2003, Hutson filed a motion for an extension of time to file the petition. Ultimately, Hutson attempted to file a writ three separate times, all of which were returned for failure to comply with court rules.

On July 26, 2004, Hutson filed a state habeas application challenging his conviction. The Texas Court of Criminal Appeals denied that petition without written order on February 9, 2005.

On January 2, 2003, and while his appeal was pending, Hutson filed a motion for DNA testing[1] of the box cutter used to commit the assault. The state trial court held a hearing on April 12, 2004 and denied the motion for DNA testing. The court found that Hutson had failed to show that the evidence still existed and was in a condition suitable for testing. The Fourteenth District Court of Appeals for Texas affirmed the trial court's denial of DNA testing on April 28, 2005. The Texas Court of Criminal Appeals refused a petition for discretionary review on September 28, 2005.

On March 28, 2005,[2] Hutson filed this § 2254 petition arguing that (1) he was denied the right of self-representation; (2) he received ineffective assistance of counsel; (3) the evidence was insufficient; and (4) he was denied the opportunity to plead self-defense. Hutson also filed a motion for extension of time to file his § 2254 petition. While he acknowledged that the AEDPA imposed a one-year limitations period, he argued that the period should be tolled. Specifically, Hutson contended that the state court did not rule on his motion for DNA testing in a timely manner since he filed it in January 2003 and the court

---

[1] TEX. CODE CRIM. P. art 64.01.

[2] See Spotville v. Cain, 149 F.3d 374, 376-78 (5th Cir. 1998) (holding that under the "mailbox" rule applicable to pro se prisoners, documents are deemed filed in federal court when delivered to prison authorities for mailing).

declined to rule until April 12, 2004. Hutson argued this frustrated his ability to file his state application. Additionally, Hutson contended the DNA motion is "other collateral review" that suspended the limitations period. He also alleged that the State confiscated his legal materials and that he was denied access to the law library and other legal resources.

The district court dismissed Hutson's § 2254 petition as time-barred. Specifically, the district court ruled that the Texas Court of Criminal Appeals refused his petition for discretionary review on April 18, 2003 and his conviction became final on July 17, 2003, when the time for seeking a writ of certiorari expired. Thus, the court concluded that his § 2254 petition was due no later than July 17, 2004. Additionally, the court said his state habeas corpus application did not toll the federal limitations because the state application was filed after July 17, 2004. Hutson failed to allege grounds for equitable tolling, and none was apparent in the record. Finally, the district court held that none of the limitations-period exceptions listed in § 2244(d)(1) was applicable. The district court did not specifically address Hutson's argument that his DNA motion was "other collateral review" that suspended the limitations period. The district court denied a COA. Hutson timely appealed, and this court granted a COA only for the issue of whether Hutson's postconviction motion for DNA testing is an application for "other collateral relief" so as to suspend the limitations period of § 2244(d). We now reverse the district court's dismissal of Hutson's petition as time-barred.

II

This court has not yet addressed whether a postconviction request for DNA testing[3] is a "properly filed application for . . . other collateral review" under

---

[3] TEX. CODE CRIM. P. art. 64.01.

§ 2244(d)(2). Both parties concede that if the motion for DNA testing is considered a properly filed application for other collateral review within the meaning of § 2244(d)(2), then Hutson's § 2254 petition is timely filed.

In Moore v. Cain,[4] this court determined whether a writ of mandamus constituted "other collateral review."[5] We noted that:

> [W]ith this language, Congress meant to include within the scope of § 2244(d)(2) those "properly filed" applications, without respect to state nomenclature or the nature of the petitioner's state confinement, that, pursuant to the wording of § 2244(d)(2), seek "review" of the "pertinent judgment or claim."[6]

In Moore, as here, our key inquiry was whether Moore's mandamus application sought "review" of the judgment pursuant to which he was incarcerated.[7] We concluded that the mandamus action merely directed the trial court to perform its duty; it did not challenge Moore's judgment. In particular, we noted that in adjudicating the mandamus application, the circumstances surrounding the judgment were irrelevant and the propriety of that judgment was not at issue.[8]

Under Texas law, a convicted person may submit to the convicting court a motion requesting DNA testing of evidence containing biological material.[9] The convicted person must demonstrate that the subject evidence "was secured in relation to the offense that is the basis of the challenged conviction and was in possession of the state during the trial of the offense," but that the state has

---

[4] 298 F.3d 361 (5th Cir. 2002).

[5] Id. at 366.

[6] Id. at 366-67.

[7] Id. at 367.

[8] Id.

[9] TEX. CODE CRIM. P. art. 64.01(a).

4

not previously tested it.[10] Additionally, the convicted person must show that the identity of the perpetrator was or is an issue in the case and must establish by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing.[11] If these requirements are met, the court may order DNA testing.[12] After examining the results of the testing, the convicting court shall hold a hearing and make a finding as to whether it is reasonably probable that the person would not have been convicted had the results been available during the trial of the offense.[13] If the convicting court decides that the finding is favorable to the convicted person under article 64.04, the court may release the convicted person on bail "pending the conclusion of court proceedings or proceedings under Section 11, Article IV, Texas Constitution, and Article 48.01."[14] Section 11 of Article IV and Article 48.01 give the governor power to pardon and dictate the procedure for pardoning a convicted person.

As a general matter, this Court has held that the language of the federal habeas statute of limitations must be interpreted under federal law.[15] But this court has also noted that some consideration of state law is inevitable when analyzing the AEDPA's limitations.[16] Numerous Texas state appellate courts have equated the Texas statute providing for post-conviction DNA proceedings

---

[10] TEX. CODE CRIM. P. art. 64.01(b).

[11] TEX. CODE CRIM. P. art. 64.03(a)(1)(B), (2)(A).

[12] TEX. CODE CRIM. P. art. 64.03(b).

[13] TEX. CODE CRIM. P. art. 64.04.

[14] TEX. CODE CRIM. P. art. 17.48.

[15] See Caldwell v. Dretke, 429 F.3d 521, 527–28 (5th Cir. 2005).

[16] Foreman v. Dretke, 383 F.3d 336, 339 (5th Cir. 2004).

with habeas corpus proceedings in that both make "a collateral inquiry into the validity of the conviction."[17]

Our inquiry in Moore was whether the motion sought review of the judgment pursuant to which the convicted person was incarcerated. Here, the motion for post-conviction DNA proceedings is seeking to challenge that judgment by potentially requiring that the trial court hold a hearing to determine whether it was reasonably probable that the convicted person would have been acquitted given the DNA results. In short, and under the Moore inquiry, Hutson's motion for DNA testing is a request for "review" of the judgment pursuant to which he is incarcerated.

Additionally, the Supreme Court has held that "[the] AEDPA's tolling rule is designed to protect the principles of 'comity, finality, and federalism,' by promoting 'the exhaustion of state remedies while respecting the interest of finality of state court judgments.'"[18] Other circuits have held that federal courts should give state courts the opportunity to review a claim and provide any necessary relief before the federal courts proceed because such restraint on the part of federal courts reinforces comity and may obviate federal review.[19] If the federal courts deny tolling the AEDPA's limitations, petitioners might forego

---

[17] Mearis v. State, 120 S.W.3d 20, 25 (Tex.App.—San Antonio 2003). See also Rose v. State, 198 S.W.3d 271, 272 (Tex. App.—San Antonio 2006) ("A hearing on post-conviction DNA testing is a collateral attack on a judgment comparable to a habeas corpus proceeding."); Cravin v. State, 95 S.W.3d 506, 510 (Tex.App.—Houston [1st Dist.] 2002) (agreeing with the appellee's argument that the post-conviction DNA proceeding is akin to habeas corpus in that both proceedings are a collateral inquiry into the validity of the conviction).

[18] Carey v. Saffold, 536 U.S. 214, 222 (2002).

[19] See, e.g., Cowherd v. Million, 380 F.3d 909, 914 (6th Cir. 2004); Sweger v. Chesney, 294 F.3d 506, 519 (3rd Cir. 2002); Ford v. Moore, 296 F.3d 1035, 1040 n.9 (11th Cir. 2002); Carter v. Litscher, 275 F.3d 663, 665 (7th Cir. 2001); Tillema v. Long, 253 F.3d 494, 501 (9th Cir. 2001).

state-law remedies to retain their right to federal review.[20]  This court agrees with these principles, and notes that the comity argument especially resonates in this case.  Texas has enacted a right to DNA reexamination; the state has decided to impose a potential disruption to the finality of its own cases in order to better protect the wrongfully accused.  Comity therefore dictates that the federal courts give Texas courts the time to review these DNA claims and provide necessary relief without forcing convicted persons to choose between the two systems thereby undermining the remedy the Texas legislature has provided.

In construing the meaning of "other collateral relief," the Supreme Court stated that "Congress may have refrained from exclusive reliance on the term 'post-conviction' so as to leave no doubt that the tolling provision applies to all types of state collateral review available after a conviction and not just to those denominated 'post-conviction' in the parlance of a particular jurisdiction."[21] Hutson's motion for DNA testing, unlike the mandamus writ in Moore, constitutes "other collateral review."

The State finally argues that even if this Court finds that a motion for DNA testing operates as a tolling mechanism, Hutson's particular motion should not toll the limitations period because no DNA evidence existed to test. Specifically, the State argues that since Hutson failed to meet the preliminary requirements of article 64, the trial court could not in fact review the conviction under article 64.04 and thus Hutson's motion was frivolous.  This argument is without merit.  Our Moore inquiry is whether the motion "sought 'review' of the

---

[20] Ford, 296 F.3d at 1040 n.9.

[21] Duncan v. Walker, 533 U.S. 167, 177 (2001).

judgment pursuant to which he is incarcerated,"[22] not that the judgment was in fact reviewed. Hutson's motion sought review of his conviction.

III

This court concludes that a motion to test DNA evidence under Texas Code of Criminal Procedure article 64 constitutes "other collateral review" and thus tolls the AEDPA's one-year limitations period under 28 U.S.C. § 2244(d)(1). For that reason, this court REVERSES AND REMANDS the district court's dismissal of Hutson's § 2254 petition as time-barred.

---

[22] Moore, 298 F.3d at 367 (emphasis added).