# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 10, 2010

No. 08-41112

Lyle W. Cayce
Clerk

JANET HARRELSON,

Petitioner-Appellant

v.

STEVE SWAN, Chief Probation Officer, Liberty-Chambers Counties Community Supervision & Corrections Department,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:07-CV-742

Before REAVLEY, WIENER, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Janet Harrelson, Texas prisoner # 02288819, filed a 28 U.S.C. § 2254 petition challenging her conviction of forgery and tampering with a governmental record. The district court denied Harrelson's petition as untimely, and this court granted Harrelson a certificate of appealability (COA) limited to the issue whether the filing of nunc pro tunc proceedings constituted collateral proceedings that tolled the limitation period under 28 U.S.C. § 2244(d)(2). We now AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Harrelson was convicted in 2003 and sentenced in two judgments to concurrent probated terms of incarceration. The conviction became final on December 9, 2005, when the time expired for her to seek certiorari in the United States Supreme Court from the denial of a petition for discretionary review by the Texas Court of Criminal Appeals. *See Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). In accord with Texas state law governing probated sentences, the terms of Harrelson's community supervision commenced when the state court issued its mandate shortly thereafter. *See Surety Corp. of Am. v. State*, 550 S.W.2d 689, 690 (Tex. Crim. App. 1977). The State then sought entry of judgments nunc pro tunc to reflect that Harrelson's sentence began upon the date of the mandate's issuance, and the trial court granted the motion. Harrelson appealed, arguing that the nunc pro tunc judgments were void because they implied that she had violated her probation. On March 7, 2007, the state appellate court reversed because the nunc pro tunc judgments did not merely correct a clerical error and were improper.

Harrelson filed her § 2254 petition challenging her conviction on October 18, 2007, more than one year after her conviction became final on December 9, 2005. The petition is untimely on its face unless the nunc pro tunc proceedings tolled the limitations period of the Antiterrorism and Effective Death Penalty Act (AEDPA).

Harrelson argues that the nunc pro tunc judgments reopened her underlying conviction so that the conviction was not final until the state appellate court corrected the judgments. She relies on 28 U.S.C. § 2244(d)(1)(A) and *Jimenez v. Quarterman*, 129 S. Ct. 681 (2009). *Jimenez* held narrowly that "where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)." *Id*. at 686. This court's grant of COA did not encompass the finality of Harrelson's conviction under § 2244(d)(1)(A), but rather whether the

2

nunc pro tunc proceedings constituted collateral review under § 2244(d)(2), a very different statutory provision. We therefore lack jurisdiction to consider Harrelson's argument. *See Carty v. Thaler*, 583 F.3d 244, 266 (5th Cir. 2009).

Under § 2244(d)(2), the AEDPA's limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" Harrelson, who is represented by counsel, does not provide a clear explanation, with supporting authorities, of why the nunc pro tunc proceedings here meet the definition of an "other collateral proceeding" that tolls the limitations period. We may conclude, therefore, that Harrelson has inadequately briefed and abandoned the only issue for which a COA was granted. *See* FED. R. APP. P. 28(a)(9); *Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999); *see also Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986) (noting that liberal construction is not afforded to parties who are represented by counsel before this court).

Furthermore, even if we were to reach the issue we would conclude that the nunc pro tunc proceedings did not toll the limitations period and that Harrelson's arguments to the contrary are unavailing. Harrelson argues that the state trial court entered "new" judgments in the nunc pro tunc proceedings that effectively tolled the limitations period until resolution of her appeal. Merely because the trial court entered a subsequent judgment, however, does not necessarily mean that the proceedings constituted collateral review of Harrelson's original judgments of conviction.

In order to toll the limitations period under § 2244(d)(2), the proceedings at issue must at least have sought "review" of the judgments pursuant to which Harrelson was in custody. *See Moore v. Cain*, 298 F.3d 361, 367 (5th Cir. 2002). "Review" means, *inter alia*, "to *reexamine* judicially" and "to *go over* or *examine* critically or deliberately." *Id.* (quotation and citation omitted) (emphasis in original). In Texas, a nunc pro tunc entry of judgment is proper to correct clerical errors in the judgment in order to reflect the judgment as it was actually

ordered by the trial court at the time of trial but that for some reason was not entered properly. *Ex Parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988). The State sought the nunc pro tunc judgments here to effectuate the mandate after Harrelson's conviction was affirmed on direct appeal. Although Harrelson is correct that she was permitted to appeal from the trial court's order, her right of appeal was "limited to the validity of the nunc pro tunc entry." *Moore v. State*, 446 S.W.2d 878, 879 (Tex. Crim. App. 1969). Consistent with that principle, Harrelson's appeal sought a ruling that the nunc pro tunc judgments were erroneous because, rather than correcting a clerical error, they implied that she had violated her probation. The state appellate court held only that the nunc pro tunc judgments were "not the proper vehicles to effectuate this Court's mandates." *Harrelson v. State*, 2007 WL 685558, at *2 (Tex. Ct. App. 2007). Harrelson did not seek, nor did the state appellate court supply, review of Harrelson's original judgments. In fact, during the pendency of the nunc pro tunc proceedings, Harrelson had sought review of her original conviction and judgment in separate state habeas proceedings, which were ultimately unsuccessful. The propriety of the original judgments through judicial reexamination had nothing to do with the nunc pro tunc proceedings and appeal, although the original judgments by necessity were germane to the case. *See Moore*, 298 F.3d at 367. We conclude, therefore, that the nunc pro tunc proceedings did not constitute "other collateral review" of Harrelson's conviction and did not toll the limitations period. *See* § 2244(d)(2).

The district court's judgment is AFFIRMED.