IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-30021

DARREN MALLARD

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana

Before KING, BARKSDALE, and DENNIS, Circuit Judges.

DENNIS, Circuit Judge:

Darren Mallard, Louisiana prisoner # 366098, was convicted of possession of more than four-hundred grams of cocaine in 1996 and subsequently sentenced to forty years in prison as a third-time felony offender in 2001. The district court denied Mallard's 28 U.S.C. § 2254 petition. Mallard appealed the denial, and the district court granted a certificate of appealability (COA) on two issues: (1) whether the Louisiana district court's determination that there was a valid waiver of counsel as to one of Mallard's predicate offenses was unreasonable in light of the evidence presented in the State court proceeding, and, if so, whether Mallard is entitled to relief because of the Fifth and Fourteenth Amendment violations; and (2) whether trial counsel's failure to challenge the predicate

offenses constituted ineffective assistance of counsel, in violation of the Sixth and Fourteenth Amendments.

On habeas review, we review the district court's findings of fact for clear error and its legal conclusions de novo. Martinez v. Johnson, 255 F.3d 229, 237 (5th Cir. 2001). Where the petitioner's claim has been adjudicated on the merits by the state court, our review of the state court's decision is deferential under § 2254(d), and federal habeas relief cannot be granted unless the state court's adjudication either "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2); Miller-El v. Cockrell, 537 U.S. 322, 340 (2003); Hughes v. Dretke, 412 F.3d 582, 588-89 (5th Cir. 2005).

Mallard contends that his 1988 guilty plea in California state court for possession for sale of cocaine base cannot serve as a predicate offense for his habitual offender adjudication because the evidence does not support a finding that he effectively waived his right to counsel in that proceeding. This argument is without merit. The record shows that the State introduced into evidence at Mallard's habitual offender adjudication a certified copy of the transcript of the plea colloquy that resulted in Mallard's 1988 guilty plea. The transcript reflects that during the plea colloquy Mallard expressly waived his right to counsel.

In Iowa v. Tovar, 541 U.S. 77, 92 (2004), the Supreme Court made clear that state law, not federal law, allocates the appropriate burden of proof in a collateral attack on an uncounseled conviction. See also Parke v. Raley, 506 U.S. 20, 33-34 (1992) (noting the range of contemporary state practices as to the allocation of the burden of proof in a collateral attack on an uncounseled

2

conviction). Under La. Rev. Stat. § 15:529.1(D)(1)(b), because the "presumption of regularity" attached to Mallard's 1988 guilty plea proceeding, he bore the burden of proving to the Louisiana district court by a preponderance of the evidence that he did not effectively waive his right to counsel. See also Louisiana v. Deville, 879 So. 2d 689, 691-92 (La. 2004) (holding that a court may "presume from a record which is *not* silent with respect to the waiver of counsel that the defendant made a knowing and intelligent decision to proceed without the guiding hand of an attorney and that the trial court would not have accepted the waiver if the contrary had appeared") (emphasis in original). In the state post-conviction proceeding, Mallard conclusorily asserted that there was no evidence that a valid waiver of the right to counsel was obtained at his 1988 guilty plea hearing. However, Mallard failed to provide any evidence or make an offer of proof to the state court as to why his waiver of counsel was not competent and intelligent. In these federal proceedings, Mallard has asserted that he did not effectively waive his right to counsel because he was not expressly informed of his right to counsel at trial, should he have decided to proceed to trial, and of his right to appointed counsel. Once again, however, Mallard fails to provide any evidence or make an offer of proof that he did not know he had a right to counsel at trial or to appointed counsel.

Moreover, as the Supreme Court held in Tovar, it has not "prescribed any formula or script to be read to a defendant who states that he elects to proceed without counsel." 541 U.S. at 88. Rather, "[t]he constitutional requirement is satisfied when the trial court informs the accused of the nature of the charges against him, of his right to be counseled regarding his plea, and of the range of allowable punishments attendant upon the entry of a guilty plea." Id. at 81. Tovar further instructs that we may look at the particular facts and

3

circumstances of a case, "including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding," to determine whether a defendant made a knowing and intelligent waiver of counsel. Id. at 88. Here, we note the following facts: the colloquy occurred at a pretrial stage, which allows for a less searching or formal colloquy, see Patterson v. Illinois, 487 U.S. 285, 299 (1988); Mallard had previously been represented in the 1988 proceedings by counsel and he had been on the verge of representing himself at trial when he decided to plead guilty; the prosecutor had discussed the right to counsel and the consequences of pleading guilty with Mallard off the record just before the plea hearing; the California trial judge was satisfied that Mallard had been properly advised of his constitutional rights and the consequences of his plea at the conclusion of the colloquy; and Mallard had previously been represented by counsel when he pleaded guilty to robbery in California state court in 1985, see Parke, 506 U.S. at 37 ("We have previously treated evidence of a defendant's prior experience with the criminal justice system as relevant to the question whether he knowingly waived constitutional rights.").

In sum, based on our review of the record, we cannot say that the state court's denial of Mallard's ineffective waiver of counsel claim was contrary to, or involved an unreasonable application of, clearly established federal law or that the state court's determination of the facts was unreasonable in light of the evidence before it. See 28 U.S.C. § 2254(d)(1), (2).

Finally, as to Mallard's ineffective assistance of counsel claim, he was required to show in state court that his counsel's performance was deficient and fell below an objective standard of reasonableness and that his counsel's deficient performance prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). In support of his contention that the state court's failure

4

to find prejudice was unreasonable, Mallard asserts simply that "[h]ad trial counsel challenged the 1988 waiver at the original enhancement hearing, the outcome would have been different." We have recognized that such a conclusory assertion is insufficient to show prejudice under the second prong of Strickland. See Green v. Johnson, 160 F.3d 1029, 1041 (5th Cir. 1998). Therefore, Mallard fails to show an unreasonable application of federal law.

Accordingly, the judgment of the district court dismissing Mallard's § 2254 petition is AFFIRMED.