# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2010

No. 07-10812

Charles R. Fulbruge III
Clerk

PETE S SANCHEZ, JR,

Petitioner–Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent–Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-1547

Before JOLLY, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Petitioner–Appellant Pete S. Sanchez, Jr., convicted of sexual assault and robbery in Texas state court and sentenced to forty-five years' imprisonment, appeals the district court's denial of his 28 U.S.C. § 2254 petition for habeas corpus as both time-barred and unmeritorious. Following the district court's denial of Sanchez's motion for a Certificate of Appealability ("COA"), we granted a COA on two issues: (1) whether Sanchez's filing of a post-conviction motion for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 07-10812

DNA testing under Texas Code of Criminal Procedure article 64.01 tolled the limitations period and rendered his petition timely under 28 U.S.C. § 2244(d)(1), and (2) whether Sanchez's trial counsel rendered ineffective assistance by failing to seek a continuance to obtain further DNA testing. For the following reasons, we affirm the district court's denial of Sanchez's petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Because of the winding path of this appeal, we detail the evidence leading to Sanchez's conviction and the post-conviction timeline of events.

### A.    Factual Background

At approximately 4:00 a.m. on June 1, 1996, Margarita Sanchez ("Margarita")[1] and her boyfriend, Geraldo Veloz were sitting in Veloz's pickup truck outside Margarita's apartment when four men attacked them. According to Veloz and Margarita, two of the attackers held Veloz down against the truck's floorboard while two others undressed and raped Margarita. The attackers also stole Veloz's wallet, keys, stereo, and speakers. Veloz testified that he never saw anyone have sex with Margarita and that he could not identify Sanchez as one of his and Margarita's attackers. Margarita testified that Sanchez and another man raped her. She could not remember if either of the men ejaculated. Margarita was the only person to identify Sanchez at any point during the trial.

To corroborate Margarita's assertion that she had been raped, the State called Dr. Carolyn Miller, who conducted a rape examination on Margarita after the attack. Margarita told Dr. Miller that she had sex with Veloz approximately twenty-four hours prior to the attack. Nonetheless, the rape examination—which included a vaginal swab and vaginal smear—revealed lacerations consistent with someone having sex against her will.

---

[1] To avoid confusion, we refer to Margarita Sanchez, who is unrelated to Petitioner-Appellant Pete S. Sanchez, Jr., by first name.

No. 07-10812

The State also called Joani Whitmore, a DNA expert. On direct examination, Whitmore testified that there was "definitely more than one" male donor who "left a [seminal] discharge within" Margarita. She further testified that she had been given a sample of Sanchez's blood, but could not say whether he was one of the men who had sex with Margarita.

Sanchez's trial counsel indicated that he had not seen Whitmore's report and initially requested a continuance. In response, the trial judge adjourned the trial for lunch and informed Sanchez's counsel that if he needed additional time, the court would take up the matter after the recess. During the approximately two-and-one-half hour recess, Sanchez's counsel spoke with Whitmore, "discussed [with Sanchez] the options of what could be done or not done," and, with Sanchez's blessing, elected to proceed with the trial.

Whitmore then testified that she could neither identify nor exclude Sanchez as a seminal donor based on the tests performed. She explained that if only one person had sexual intercourse with Margarita, then one type of DNA testing may have excluded Sanchez. She further agreed with Sanchez's counsel that if she had been given a blood sample from the person who had consensual sex with Margarita, then she could have "possibly . . . exclude[d] Pete Sanchez depending on what the results of that c[a]me up." Questioning revealed that Whitmore had twice requested a sample, but did not receive one. Sanchez's lawyer did not request a continuance to procure any further DNA testing.

The jury found Sanchez guilty of sexual assault and robbery, and the court sentenced him to forty-five years' imprisonment. The court denied Sanchez's motion for a new trial.

## B.    Procedural History

The Texas intermediate appellate court affirmed Sanchez's conviction, *see Sanchez v. State*, Nos. 11-97-00145-CR, 11-97-00146-CR, 1999 WL 33743896 (Tex. App.—Eastland, Feb. 18, 1999, pet. denied) and, on September 29, 1999,

No. 07-10812

the Texas Court of Criminal Appeals ("TCCA") refused his petition for discretionary review.

On June 8, 2000, Sanchez filed a petition for habeas corpus with the state court, claiming ineffective assistance of counsel. The TCCA denied the application without written order on October 17, 2001. On December 21, 2001, Sanchez filed a state court post-conviction motion for DNA testing. *See* TEX. CODE CRIM. PROC. art. 64.01. The trial court ordered testing, but ultimately found the results inconclusive and therefore not favorable to Sanchez. *Sanchez v. State*, No. 05-05-00400-CR, 2006 WL 620254, at *1 (Tex. App.—Dallas, Mar. 14, 2006, pet. denied). The intermediate appellate court affirmed the trial court's denial of relief. *Id.* at *4. The TCCA refused discretionary review of this decision on July 26, 2006.

On August 25, 2006, Sanchez filed his § 2254 petition for habeas corpus, claiming that his counsel was ineffective for failing to seek a continuance to obtain further DNA testing, which ultimately revealed that he had not contributed any biological material to the vaginal swab taken from Margarita during her rape examination. In response, the State argued that Sanchez's petition was time-barred. The district court agreed with the State, adopting a magistrate's recommendation to deny Sanchez's petition both as time-barred and for failure to demonstrate a reasonable probability that he was prejudiced by his trial counsel's decision not to request a continuance to obtain further DNA testing. Sanchez timely appealed, and we granted a COA on the two issues currently before us.

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction under 28 U.S.C. § 2253(a) and (c)(1)(A) because the district court issued a final order denying Sanchez habeas relief and we granted COA. *See Richardson v. Quarterman*, 537 F.3d 466, 472 (5th Cir. 2008).

No. 07-10812

Because Sanchez filed his habeas petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, governs our review. AEDPA mandates that federal courts give great deference, subject to limited exceptions, to the state courts' resolution of a petitioner's claims. *See Foster v. Quarterman*, 466 F.3d 359, 365 (5th Cir. 2006). This "deference is mandated both for questions of law and for mixed questions of law and fact." *Id.*

Under AEDPA, we may not grant habeas relief to a defendant in state custody unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Riddle v. Cockrell*, 288 F.3d 713, 716 (5th Cir. 2002). "Under § 2254(d)(1), a decision is contrary to clearly established federal law if 'the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law' or 'confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that precedent].'" *Reed v. Quarterman*, 555 F.3d 364, 367 (5th Cir. 2009) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)) (alterations in original). "A decision involves an unreasonable application of Supreme Court precedent if it 'unreasonably extends a legal principle from [Supreme Court precedent] to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" *Id.* at 367–68 (quoting *Williams*, 529 U.S. at 407) (alterations in original). We afford a presumption of correctness to the state court's factual findings unless Sanchez meets his "'burden of rebutting [that] presumption . . . by clear and convincing

5

evidence.'" *Foster*, 466 F.3d at 365 (quoting 28 U.S.C. § 2254(e)(1)) (alteration and omission in original).

"On habeas review, we review the district court's findings of fact for clear error and its legal conclusions *de novo*." *Mallard v. Cain*, 515 F.3d 379, 381 (5th Cir. 2008).

## III. ANALYSIS

### A.    Timeliness

Sanchez first argues that the district court erred in determining that he untimely filed his § 2254 petition. "AEDPA establishes a one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment." *Johnson v. Quarterman*, 483 F.3d 278, 285 (5th Cir. 2007); *see* 28 U.S.C. § 2244(d). Generally, this period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, we toll the limitations period during the pendency of a "properly filed application for State post-conviction or other collateral review." *Id.* § 2244(d)(2).

On appeal, Sanchez contends that under our recent decision in *Hutson v. Quarterman*, 508 F.3d 236 (5th Cir. 2007) (per curiam), issued after the district court denied his petition, his post-conviction motion for DNA testing tolled the limitations period so as to render his petition timely. In *Hutson*, we held that "a motion to test DNA evidence under Texas Code of Criminal Procedure article 64 constitutes 'other collateral review' and thus tolls AEDPA's one-year limitations period under 28 U.S.C. § 2244(d)(1)." *Id.* at 240. The State concedes that under *Hutson*, Sanchez timely filed his petition.

Because Sanchez did not seek a writ of certiorari from the United States Supreme Court, his conviction became final—and the limitations period began to run—on December 28, 1999, the expiration of the ninety-day period in which to file a petition for certiorari. *See* 28 U.S.C. § 2244(d)(1)(A); *Roberts v. Cockrell*,

No. 07-10812

319 F.3d 690, 694 (5th Cir. 2003). One hundred sixty-three days elapsed between this date and June 8, 2000, when Sanchez filed his state habeas petition. The limitations period tolled at that time and resumed upon the TCCA's denial of Sanchez's petition on October 17, 2001. Sixty-five days later, on December 21, 2001, Sanchez returned to the state trial court and filed a motion for post-conviction DNA testing, which again tolled the limitations period. The trial court denied this motion and the TCCA refused Sanchez's petition for review of the trial court's denial of relief on the basis of the DNA tests on July 26, 2006, and Sanchez filed his § 2254 petition thirty days later on August 25, 2006. Therefore, Sanchez used approximately 258 days of his one-year federal limitations period. He thus timely filed his federal habeas petition.

## B.    Merits

Sanchez also appeals the district court's denial of his habeas petition on the merits, contending that the district court erred by concluding that Sanchez suffered no prejudice when his trial counsel decided not to seek a continuance to obtain further DNA testing of the evidence from Margarita's rape examination after receiving Whitmore's report. Specifically, Sanchez argues that, given the evidence produced at trial, had the jury known that the results of the post-conviction DNA testing excluded Sanchez as a possible contributor of biological material found in Margarita, there is a reasonable probability that the jury would have returned a "not guilty" verdict.

As discussed below, the post-conviction DNA evidence was not properly before the district court. However, the district court was correct in its ultimate finding that the state court denial of Sanchez's habeas petition was not unreasonable.

No. 07-10812

1.    The District Court's Review of Sanchez's Post-Conviction DNA Evidence

After the TCCA denied Sanchez's state habeas petition, but before he filed his federal habeas claim, Sanchez filed for and received the results of a post-conviction DNA test. As the TCCA explained, the DNA testing "established that the DNA profile from the sperm fraction of the vaginal swab was consistent with Veloz's DNA profile," "the epithelial cell fraction was also consistent with a mixture from [Margarita] and Veloz," and "[t]herefore, [Sanchez] did not contribute any biological material to the vaginal swab taken during [Margarita]'s rape examination." *Sanchez*, 2006 WL 620254, at *3. The state court, however, concluded that Sanchez was not entitled to relief based on these results because Margarita testified that she could not recall if either Sanchez or the other alleged rapist ejaculated. *Id.*

In his original state habeas petition, Sanchez claimed ineffective assistance of counsel. Sanchez renewed this claim in his federal habeas claim, grounding his claim, in part, on the post-conviction evidence and adding a claim of actual innocence. The State challenged the actual innocence claim as an unexhausted under 28 U.S.C. § 2254(b) and (c). The State also challenged the post-conviction evidence under § 2254(d) and (e) for Sanchez's failure to present the DNA evidence to the state court in support of his ineffective assistance of counsel claim.

The district court denied Sanchez's petition as untimely, but alternatively reached the merits of Sanchez's arguments and found that Sanchez could not adequately demonstrate prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984). The district court appeared to incorporate the post-conviction DNA evidence into its merits determination.

We have wrestled with the deference due to state court determinations under § 2254(d)(2). *See Guidry v. Dretke*, 397 F.3d 306 (5th Cir. 2005), *reh'g and*

*reh'g en banc denied by* 429 F.3d 154 (5th Cir. 2005).  The procedural history and facts of *Guidry* are distinguishable from the instant case, but the overarching concern is similar: under what circumstances and through what procedure may a federal district court consider evidence that falls within the strictures of §§ 2254(d) and (e)?  The original *Guidry* panel found that the facts of *Guidry* precluded an application of § 2254(d)(2) because the State failed to challenge the petitioner's claim on those grounds and the district court did not abuse its discretion when it held an evidentiary hearing.  *See Guidry*, 397 F.3d at 321–22, 24.  The dissent from the denial of rehearing *en banc* focused on the requirement in § 2254(d)(2) that evidence must be presented to the state court before it may be considered by the district court in later proceedings.  *Guidry*, 429 F.3d at 163 (Jones, J., dissenting).

We do not revisit the issue left open by *Guidry*; namely, whether § 2254(d)(2) is jurisdictional and thus cannot be waived.  Here, the State challenged the evidence Sanchez presented from the post-conviction DNA testing and the district court did not exercise its discretion to order an evidentiary hearing.  To the extent that the district court considered the post-conviction evidence, it did not commit reversible error.  However, we agree with the district court that post-conviction evidence or no, the state court was not unreasonable when it found that Sanchez is unable to meet the *Strickland* standard for ineffective assistance.

2.    Ineffective Assistance of Counsel Claim

"The Sixth Amendment guarantees defendants the 'right to effective assistance of counsel at every critical stage of the proceedings against them.'" *United States v. Fields*, 565 F.3d 290, 293–94 (5th Cir. 2009) (quoting *Burdine v. Johnson*, 262 F.3d 336, 344 (5th Cir. 2001)).  "This right 'is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense.'" *Id*. at 294 (quoting

*Yarborough v. Gentry*, 540 U.S. 1, 5 (2003)). We evaluate claims of ineffective assistance of counsel under the two-prong test established in *Strickland*. *Wright v. Quarterman*, 470 F.3d 581, 589 (5th Cir. 2006).

To prevail on an ineffective assistance of counsel claim under *Strickland*, a petitioner must show that his "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. Failure to establish either prong defeats the claim. *See id.* To demonstrate that his counsel was deficient, Sanchez "must show that counsel's representation fell below an objective standard of reasonableness" and must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 688–89 (internal quotation marks omitted). To establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Here, the district court determined that Sanchez failed to show prejudice resulting from his trial counsel's decision not to seek a continuance and thus to forego further DNA testing. Accordingly, the district court affirmed the state court's denial of habeas relief. The district court noted that Margarita identified Sanchez as her rapist and could not remember if either of her attackers ejaculated and thus it was irrelevant whether Sanchez's DNA was found in Margarita.

Sanchez's sexual assault conviction ultimately rests on Margarita's identification. The defense repeatedly attacked Margarita's credibility at trial and the jury heard that she was on probation for a felony offense at the time of the alleged assault and spent the night prior to testifying in jail. Moreover,

No. 07-10812

defense counsel identified numerous instances in which she contradicted herself about key details regarding her assault. The jury heard both Margarita's testimony and the challenges to her credibility and was within its bounds to credit Margarita's testimony identifying Sanchez.

We cannot say that the state court was unreasonable when it denied Sanchez's claim. Because Margarita testified that she could not recall if her attackers ejaculated, the results of further DNA evidence would not necessarily have been conclusive, and Sanchez cannot therefore demonstrate prejudice for his counsel's failure to request a continuance.

## IV. CONCLUSION

For the reasons stated, we affirm the district court's denial of Sanchez's petition for habeas corpus.

AFFIRM.