# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 17, 2011

No. 10-20124

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

MARLON RAFAEL PINO GONZALEZ,
also known as Marlon Rafael Pino,
also known as Marlon Rafael Pino-Gonzalez,
also known as Jose Alfredo Sovalbarro,

Defendant–Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before KING, DeMOSS, and PRADO, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:

Marlon Rafael Pino Gonzalez appeals the sentence assigned to him for illegally reentering the country after having been deported.  He argues that the district court miscalculated his criminal-history points by including a state misdemeanor conviction in which his waiver of counsel was constitutionally invalid.  We affirm.

## I. BACKGROUND

Gonzalez, a Nicaraguan citizen, pleaded guilty to illegally reentering the United States after having been deported subsequent to a conviction for an

No. 10-20124

aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2).  The presentence investigation report (PSR) assessed a total of seven criminal-history points, three of which were attributable to a 2008 South Carolina misdemeanor conviction for unlawful entry into an enclosed place.  The seven criminal-history points yielded a criminal-history category of IV.  Based on a total offense level of 21 and a criminal-history category of IV, the advisory Guidelines range was 57 to 71 months.

Prior to the sentencing hearing, Gonzalez filed a written objection to the PSR in which he argued that the South Carolina conviction should not be included in his criminal history because he had neither been represented by counsel nor made a constitutionally valid waiver of counsel before pleading guilty.  Specifically, he argued that the South Carolina judge had not explicitly informed him of his right to appointed counsel.  He attached to his objection the transcript of the South Carolina plea colloquy, which showed the following exchange between the state trial judge and Gonzalez:

| | |
|---|---|
| THE COURT: | All right, sir.  I need you to understand that you are entitled to have a lawyer at this proceeding.  Do you understand that? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | And you wish to give up your right to have that lawyer?  Do you wish [to] give up your right to a lawyer? |
| THE DEFENDANT: | Uh-huh (Affirmative), yes, sir. |
| THE COURT: | Okay.  Now, sir, I need for you to understand I'm of the very strong opinion it is never a wise thing to do for a lay person to represent themselves in a court of law, especially one like this that involves a criminal matter.  Do you understand that? |
| THE DEFENDANT: | Yes, sir. |

No. 10-20124

THE COURT:          All right.  I tell you what, sir, if ever during this process you get a little bit too nervous or you change your mind and you feel you need to go talk to [a] lawyer just let me know and I'll allow you to step down, okay?

THE DEFENDANT:      Yes, sir.

The district court overruled his objection and sentenced him to sixty months' imprisonment.  Had the district court sustained the objection, the criminal-history category would have been III, and the advisory Guidelines range would have been 46 to 57 months.  Gonzalez appeals.

## II.  STANDARD OF REVIEW

"We review a district court's sentencing guidelines interpretations *de novo* and its findings of fact for clear error."  *United States v. Rubio*, 629 F.3d 490, 492 (5th Cir. 2010) (citation omitted).

## III.  ANALYSIS

"The Sixth Amendment safeguards to an accused who faces incarceration the right to counsel at all critical stages of the criminal process.  The entry of a guilty plea, whether to a misdemeanor or a felony charge, ranks as a 'critical stage' at which the right to counsel adheres."  *Iowa v. Tovar*, 541 U.S. 77, 80–81 (2004) (citations omitted).  The Constitution requires that "any waiver of the right to counsel be knowing, voluntary, and intelligent."  *Id.* at 87–88.  In *Tovar*, the Supreme Court held that this "constitutional requirement is satisfied when the trial court informs the accused of the nature of the charges against him, of his right to be counseled regarding his plea, and of the range of allowable punishments attendant upon the entry of a guilty plea."  *Id.* at 81.  Finally, "the Constitution requires collateral review of a defendant's prior conviction used to enhance a federal sentence . . . when the defendant alleges that the conviction was obtained in violation of [his] Sixth Amendment right to counsel."  *United States v. Longstreet*, 603 F.3d 273, 276 (5th Cir. 2010) (citations omitted).

No. 10-20124

The question raised in this case is whether a waiver of counsel is constitutionally invalid where a trial judge, before accepting a guilty plea from an uncounseled defendant, did not specifically inform him of his right to appointed counsel. The Supreme Court was faced with a very similar question in *Tovar*, where the defendant maintained that his waiver of counsel was invalid because he "was never made aware by the court . . . of the dangers and disadvantages of self-representation." 541 U.S. at 85 (alteration in original) (citation and internal quotation marks omitted). The case thus concerned "the extent to which a trial judge, before accepting a guilty plea from an uncounseled defendant, must elaborate on the right to representation." *Id.* at 81.

In answering this question, the Court did not delineate or describe how a trial court should "inform[ ] the accused . . . of his right to be counseled regarding his plea." *Id.* Rather, the Court asked the broader question of whether Tovar's waiver of counsel was knowing, voluntary, and intelligent, stating:

> We have described a waiver of counsel as intelligent when the defendant "knows what he is doing and his choice is made with eyes open." We have not, however, prescribed any formula or script to be read to a defendant who states that he elects to proceed without counsel. The information a defendant must possess in order to make an intelligent election, our decisions indicate, will depend on a range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding.

*Id.* at 88 (citations omitted).

That was the approach followed by this court in *Mallard v. Cain*, 515 F.3d 379 (5th Cir. 2008), *United States v. Benavides–Hernandez*, 151 F. App'x 337 (5th Cir. 2005) (per curiam) (unpublished), and *United States v. Rea–Tapia*, 134 F. App'x 711 (5th Cir. 2005) (per curiam) (unpublished), under circumstances very similar to this case. *See Mallard*, 515 F.3d at 382 (basing its determination on the fact that the defendant "fail[ed] to provide any evidence or make an offer

4

of proof that he *did not know* he had a right to counsel at trial or to appointed counsel" (emphasis added)); *Rea–Tapia*, 134 F. App'x at 714 (describing the "ultimate question" as "whether [the defendant] knowingly and voluntarily waived his right to counsel").

The closest case on point is *Benavides–Hernandez*, in which the defendant argued that his two previous uncounseled guilty pleas were invalid because he did not knowingly and intelligently waive his right to counsel. 151 F. App'x at 338. Just as in this case, the defendant asserted that, during his plea colloquy, the magistrate judge "informed [him] that he had the right to counsel," but "did *not* expressly inform [him] that he had the right to court-appointed counsel if he could not afford an attorney." *Id.* at 339. We conceded this fact, but held that the defendant had nevertheless "not met his collateral-attack burden of showing that his waiver of counsel . . . was not competent and intelligent" because he "did not provide evidence or make an offer of proof that he *did not know* he had a right to appointed counsel." *Id.* at 340 (emphasis added). While unpublished, *Benavides–Hernandez* is highly persuasive because we explicitly rejected the identical argument that Gonzalez advances here.

We look to state law for the appropriate burden of proof in a collateral attack on an uncounseled conviction. *Mallard*, 515 F.3d at 382 (citing *Tovar*, 541 U.S. at 92). Under the law of South Carolina, where Gonzalez's prior conviction was obtained, it is the defendant's burden to prove by a preponderance of the evidence that he did not competently and intelligently waive his right to the assistance of counsel. *United States v. Guerrero–Robledo*, 565 F.3d 940, 944 (5th Cir. 2009); *State v. Payne*, 504 S.E.2d 335, 338 (S.C. Ct. App. 1998). The South Carolina court in *Payne* relied on that state's presumption of regularity given to final judgments to reach this conclusion. 504 S.E.2d at 338. That presumption applies equally here. *See id.* at 336, 338 (applying the presumption where the available portion of the transcript was

inconclusive as to whether the defendant's constitutional rights had been violated).

We find that Gonzalez has not met his burden to show that his waiver of counsel in the South Carolina proceeding was constitutionally invalid. Significantly, Gonzalez does not assert that he was *unaware* of his right to court-appointed counsel at his plea colloquy.  He simply asserts that the court failed to specifically advise him of this right.  *See Tovar*, 541 U.S. at 85 (finding it significant that Tovar did not assert that he was unaware of his right to counsel prior to pleading guilty and at the plea hearing).  The factors that courts are to consider in assessing the voluntariness of a waiver of counsel—including the stage of the proceedings, the defendant's background, age, experience, and the straightforwardness of the charge—also weigh in favor of finding that Gonzalez's waiver was voluntary.  *See id.* at 88 (listing the factors); *Mallard*, 515 F.3d at 382–83 (applying the factors). At the time of the South Carolina proceeding, Gonzalez was thirty-four years old and had previously served seven years for an aggravated assault conviction, in which he had been represented by counsel. *See Parke v. Raley*, 506 U.S. 20, 37 (1992) ("We have previously treated evidence of a defendant's prior experience with the criminal justice system as relevant to the question whether he knowingly waived constitutional rights . . . .").  He faced sentencing on a relatively straightforward crime (unlawful entry into an enclosed place) with a correspondingly brief sentence (thirty days in prison, which he had already served).  He had a ninth-grade education.  Finally, the exchange in question took place at a plea hearing. *See Mallard*, 515 F.3d at 382 (noting, in discussing an allegedly constitutionally invalid guilty plea, that a pretrial stage "allows for a less searching or formal colloquy") (citing *Patterson v. Illinois*, 487 U.S. 285, 299 (1988)).

In light of these facts, the transcript excerpt that Gonzalez presented in support of his argument is insufficient to meet his burden to show that his

waiver of counsel in the South Carolina proceeding was not knowing and intelligent. The waiver was therefore constitutionally valid, and the district court properly considered the South Carolina conviction in sentencing Gonzalez.

AFFIRMED.