# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 13-40641
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**
February 21, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DORIAN MENDOZA,

Defendant-Appellant

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-16-1

————

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Dorian Mendoza appeals the 70-month sentence imposed following his guilty plea conviction for receiving and possessing an unregistered firearm. He first contends that the district court erred in applying the enhancements in U.S.S.G. § 2K2.1(b)(5) and (b)(6)(A) because the district court failed to make specific findings of fact and resolve the disputed application of these enhancements; the evidence relied on by the district court, an undercover

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40641

agent's (UA) statement to Mendoza that the firearms the UA was purchasing were going to Mexico, was unreliable; and the evidence was not sufficient to support these enhancements.

Mendoza did not make the specific arguments he now raises nor were the objections he made "sufficiently specific to alert the district court to the nature of the alleged error[s]" he now raises and "to provide an opportunity for correction." *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). Accordingly, his claims of error are reviewed for plain error. *See United States v. Chavez-Hernandez*, 671 F.3d 494, 497-99 (5th Cir. 2012).

Mendoza's assertion that the district court failed to make specific findings of fact and resolve the disputed application of these enhancements is belied by the record. Also unavailing is Mendoza's contention that the UA's statement was not reliable evidence. The PSR identified the source of the recorded statement, and the PSR was corroborated by the parties after they listened to the recording. Therefore, the district court's finding that the statement existed was based on sufficiently reliable information and was plausible in light of the record as a whole. *See United States v. Njoku*, 737 F.3d 55, 77 (5th Cir. 2013); *United States v. Alaniz*, 726 F.3d 586, 627 (5th Cir. 2013); *cf. United States v. Shacklett*, 921 F.2d 580, 584-85 (5th Cir. 1991).

Based on the plain language of § 2K2.1(b)(6)(A), the UA's statement that he told Mendoza the firearms were going to Mexico provided sufficient support for the enhancement for "transferr[ing] any firearm or ammunition with knowledge, intent, or reason to believe that it would be transported out of the United States." § 2K2.1(b)(6)(A).

The enhancement in § 2K2.1(b)(5) applies if the defendant trafficked firearms by "transferr[ing] . . . two or more firearms to another individual" knowing or having reason to believe "that such conduct would result in

2

the . . . transfer . . . of a firearm to an individual . . . [w]ho intended to use or dispose of the firearm unlawfully." § 2K2.1(b)(5) & cmt. n.13(A)(i), (ii)(II). Mendoza was introduced to the UA by a confidential informant, a machine gun was included in the five firearms Mendoza was involved in transferring to the UA, and Mendoza knew the firearms were going to Mexico. Additionally, the district court suggested that it was local common knowledge that this area of Texas supplied Mexico with weapons used to commit violence. These facts, considered in light of the record as a whole and with reasonable inferences drawn therefrom, support the district court's conclusion that Mendoza transferred firearms with knowledge or reason to believe that they would be used to commit violence in Mexico. *See Njoku*, 737 F.3d at 77; *United States v. Juarez*, 626 F.3d 246, 251-53. Alternatively, since Mendoza does not address at all whether the alleged error affected the fairness, integrity, or public reputation of judicial proceedings, he has failed to satisfy the fourth prong of plain error review. *See United States v. Williams*, 620 F.3d 483, 496 (5th Cir. 2010).

Next, Mendoza contends that the district court engaged in impermissible double-counting by applying both enhancements. Assuming arguendo that Mendoza's vague and general objection to double-counting preserved review, his argument is without merit. Mendoza's crime of conviction, which penalizes receipt or possession of an unregistered firearm, *see* 26 U.S.C. § 5861(d), is distinct from the enhancement in § 2K2.1(b)(5), which penalizes trafficking firearms, and from the enhancement in § 2K2.1(b)(6)(A), which penalizes exporting firearms. Further, even assuming for the sake of argument that applying both § 2K2.1(b)(5) and (b)(6)(A) double-counts weapons possession and trafficking, nothing in § 2K2.1 expressly prohibits the application of both enhancements. *See United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001).

No. 13-40641

The judgment of the district court is AFFIRMED.