**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4633**

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

JAMEL CHAWLONE BROWN,

            Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.   James P. Jones, District Judge.  (2:13-cr-00016-JPJ-PMS-1)

Submitted:  May 28, 2015                Decided:  June 19, 2015

Before WILKINSON, AGEE, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry Shelton, Federal Public Defender, Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Appellant. Anthony P. Giorno, Acting United States Attorney, Debbie H. Stevens, Special Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamel Chawlone Brown appeals from his 110-month sentence entered pursuant to his guilty plea to possession of contraband in prison, in violation of 18 U.S.C. § 1791(a)(2) (2012), and possession of heroin, in violation of 21 U.S.C. § 844(a) (2012). On appeal, Brown raises numerous challenges to the calculation of the Guidelines range, as well as the sentence imposed. We affirm.

I.

Brown first argues that the district court erred by applying the cross-reference in U.S. Sentencing Guidelines Manual § 2P1.2(c) (2013), which directs courts to "apply the offense level from § 2D1.1" if the "object of the offense was the distribution of a controlled substance." As a result of the application of this cross-reference, Brown's guidelines range was increased from 37 to 46 months' imprisonment, to 110 to 137 months' imprisonment. Brown contends that the application of the cross-reference was improper because he pleaded guilty to simple possession only.

We need not reach the merits of this argument because even assuming the district court improperly applied the § 2P1.2(c) cross-reference, any such error was harmless. Applying the "assumed error harmlessness inquiry," we may affirm a sentence without reaching the merits of an asserted guidelines error if

2

(1) "the district court would have reached the same result even if it had decided the guidelines issue the other way," and (2) "the sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor." United States v. Gomez-Jimenez, 750 F.3d 370, 382 (4th Cir. 2014) (quoting United States v. Savillon-Matute, 636 F.3d 119, 123 (4th Cir. 2011)).

In this case, the first element of the inquiry is satisfied by the district court's unambiguous statement that it would have imposed the same 110-month sentence even if it had decided the cross-reference issue in Brown's favor. See J.A. 381 ("[W]ere the correct guideline range 37 to 46 months, I would have varied upward to the sentence I am prepared to impose."). Proceeding to the second step of the inquiry, we must consider whether the 110-month sentence would be substantively reasonable even if we were to assume that the district court erred in applying the cross-reference. In order to assess the substantive reasonableness of this sentence, we consider "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)," according "due deference" to sentences that vary from the guidelines range. Gomez-Jimenez, 780 F.3d at 383 (quoting United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010); United States v.

3

Engle, 592 F.3d 495, 504 (4th Cir. 2010)).  Here, the district court provided a detailed explanation of why the particular facts of the case would justify a sentence of 110 months even if the cross-reference did not apply, citing, among other things, the seriousness of the offense and Brown's criminal history. Because the record reflects that the district court carefully considered the requisite § 3553(a) factors in light of Brown's individual circumstances and the arguments presented by the parties, we conclude that the 110-month sentence would be substantively reasonable even if the cross-reference did not apply.  We therefore find that any error with respect to the § 2P1.2(c) cross-reference was harmless and affirm its application without reaching the merits of Brown's arguments.

## II.

Brown next contends that the district court improperly used rote multiplication to calculate the applicable drug weight. According to Brown, drug estimates must err on the side of caution, and Brown contends that the court's dry calculations ignored the conjecture and assumption involved in attributing Brown with responsibility for 24 bags of heroin, each containing .9 grams.

In assessing a challenge to the district court's application of the Guidelines, we review the district court's factual findings for clear error.  United States v. Alvarado

4

Perez, 609 F.3d 609, 612 (4th Cir. 2010). The Government is required to prove a defendant's drug quantity by a preponderance of the evidence. United States v. Carter, 300 F.3d 415, 425 (4th Cir. 2002). The defendant bears the burden to demonstrate that the information contained in the presentence report is unreliable or inaccurate. United States v. Kiulin, 360 F.3d 456, 461-62 (4th Cir. 2004). The district court is not required "to err on the side of caution in approximating drug quantity," but need "only determine that it was more likely than not that the defendant was responsible for at least the drug quantity attributed to him." Id. at 461 (emphasis in original).

We hold that the court did not clearly err in relying on co-Defendant Ashley Wilson's testimony that, at Brown's direction, she smuggled 24 bags of heroin into the prison and transferred three bags to Brown via a kiss. Prison officials later recovered two bags from Brown while he was in a dry cell. The bags contained a total of 1.8 grams of heroin.

First, the district court's methodology of multiplying the known number of balloons by the quantity contained in the two balloons that were seized and weighed was appropriate. Cf. United States v. Hickman, 626 F.3d 756, 769 (4th Cir. 2010) ("[W]here courts have evidence of a number of transactions, they have been permitted to multiply that number by an average weight-per-transaction to reach an estimate.").

5

While Hickman recognized that district courts should err on the side of caution, Hickman was addressing a case "where evidence of unknown transactions was meager and offered virtually no guide as to the amounts that may have been involved." Id. at 770. Here, there was evidence, explicitly found credible by the district court, that there were 24 bags involved in the offense. Two of the bags contained a total of 1.8 grams of heroin, and Wilson testified that all the bags, which were delivered to her together and were to be transferred secretly, appeared to contain the same amount of the same substance. Brown presented no evidence that the number of bags was incorrect or that the bags contained any other substance or weight. The district court concluded that all the bags contained the same amount and substance and calculated a drug weight of 21.6 grams. Because the drug weight was calculated in an acceptable manner based on specific evidence regarding the number of balloons and their contents, the district court did not clearly err in determining the drug amount.

III.

Brown next contends that the district court incorrectly synthesized the whole of the record evidence when considering Wilson's testimony. Brown avers that Wilson's testimony was not credible and was contradicted by the record. As discussed above, the district court's factual findings are reviewed for

6

clear error. Clear error occurs "when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 336-37 (4th Cir. 2008) (citation and internal quotation marks omitted). In calculating drug amounts for sentencing purposes, "a sentencing court may give weight to any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy." United States v. Wilkinson, 590 F.3d 259, 269 (4th Cir. 2010). "[W]hen a district court's factual finding is based upon assessments of witness credibility, such finding is deserving of the highest degree of appellate deference." United States v. Thompson, 554 F.3d 450, 452 (4th Cir. 2009) (internal quotation marks omitted).

Our review of the record confirms that the Government established the relevant drug quantity by a preponderance of the evidence. Although the quantity was based primarily on the testimony of Wilson, the district court was able to view and examine Wilson. The court had before it her eyewitness testimony as to the number of bags and the similarity of the bags. Two of the bags were actually weighed and tested. There is no contradictory evidence in the record, and the facts Brown

now relies upon were before the district court when it made its ruling. Thus, we find that the district court's credibility finding was not clear error.

IV.

Brown next argues that the district court erred in applying a two-point leadership role adjustment under USSG § 3B1.1(c). Brown avers that such an enhancement is error as a matter of law, given that he was only convicted of simple possession of heroin for one transaction where he lacked any physical control over Wilson.

Contrary to Brown's argument, the issue at hand is a factual one, and we review the district court's assessment of a leadership role enhancement for clear error. See United States v. Thorson, 633 F.3d 312, 317 (4th Cir. 2011). The Sentencing Guidelines provide for a two-level adjustment where the defendant is found to be an organizer, leader, manager, or supervisor in a conspiracy that involves less than five participants. USSG § 3B1.1(c). In determining whether the defendant exercised control over at least one other participant, see United States v. Rashwan, 328 F.3d 160, 166 (4th Cir. 2003), the court should consider:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense,

8

> the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

USSG § 3B1.1(c) cmt. n.4.

Here, the district court found that Brown organized the scheme and directed Wilson on her role. The court noted that Wilson was young and naïve and without motive other than to please Brown. Due to her submission, Brown dominated and controlled her activities. Intending to distribute the heroin, Brown arranged for the drugs to be delivered to Wilson and directed Wilson to bring the heroin to the prison and transfer it to him. The district court's factual determination that Brown exercised control over at least one other participant in the conspiracy was well-supported by the record. Therefore, the district court did not clearly err in imposing the two-level enhancement for having a leadership role.

## V.

Finally, Brown contends that the district erred in determining that his crime was not motivated by drug addiction. District courts may consider drug addiction in choosing a reasonable sentence. United States v. Garcia, 497 F.3d 964, 972 (9th Cir. 2007). However, here, the district court made a factual finding that Brown's crime was not motivated by drug addiction.

9

The record shows that Brown had negative drug tests while in prison and that the crime involved an amount much larger than a user would possess. Brown relies on an investigator's testimony that drug tests will only be positive if the prisoner used the drug within a three-day period, and on Brown's statement to the probation officer that he used heroin in prison due to an addiction. Nonetheless, given the amount of heroin involved, Brown's negative drug tests, and Wilson's statements regarding her knowledge of Brown's drug use, it was not clear error for the district court to conclude that Brown was not motivated by drug addiction.

## VI.

Based on the foregoing, we affirm Brown's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED