# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40964
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 1, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PEDRO VEGA-GENOVA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CR-1883-6

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Pedro Vega-Genova appeals the consecutive 120-month sentences he received upon conviction for two counts of unlawfully transferring destructive devices (grenades) that were not registered in the National Firearms Registration and Transfer Record. He contends that the district court erred by applying offense level enhancements under both U.S.S.G. § 2K2.1(b)(5)—because he engaged in trafficking—and U.S.S.G. § 2K2.1(b)(6)(A)—because he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

possessed a grenade with knowledge that it would be transported out of the United States—alleging that the tandem application of those enhancements amounted to impermissible double counting. Because Vega-Genova preserved his objection to the dual enhancements, we review the district court's interpretation of the guidelines de novo and its factual findings for clear error. *See United States v. Fernandez*, 770 F.3d 340, 342, 344-45 (5th Cir. 2014).

"[T]he Guidelines do not prohibit double counting except when the particular Guideline at issue expressly does so." *United States v. Luna*, 165 F.3d 316, 323 (5th Cir. 1999); *accord United States v. Jimenez-Elvirez*, 862 F.3d 527, 541 (5th Cir. 2017). Although this court has not issued a published decision addressing whether § 2K2.1 prohibits double counting, we have affirmed the dual application of § 2K2.1(b)(5) and § 2K2.1(b)(6)(A) in an unpublished opinion, reasoning that "nothing in § 2K2.1 expressly prohibits the application of both enhancements." *United States v. Mendoza*, 556 F. App'x 326, 327 (5th Cir. 2014). Although not binding precedent, *Mendoza* is "highly persuasive" because it rejected the same fundamental argument Vega-Genova makes here. *See United States v. Pino Gonzalez*, 636 F.3d 157, 160 (5th Cir. 2011). In addition, at least one other circuit has held that "applying both enhancements . . . [does] not amount to impermissible double-counting." *United States v. Asante*, 782 F.3d 639, 647-48 (11th Cir. 2015).

Vega-Genova does not identify any express prohibition against double counting in § 2K2.1. Rather, he contends that under the doctrine of *expressio unius est exclusio alterius*,[1] an intent to prohibit the double counting in this case may be inferred because application note 13(D) excludes § 2K2.1(b)(6)(A) from a list of enhancements that may be applied with § 2K2.1(b)(5) in cases involving three or more firearms. *See* § 2K2.1, comment. (n.13(D)).

---

[1] "The expression of one thing is the exclusion of another."

No. 17-40964

This argument misses the point. "[T]he Sentencing Guidelines are explicit when double counting is forbidden." *United States v. Rocha*, 916 F.2d 219, 243 (5th Cir. 1990). A prohibition against double counting that must be teased from the Guidelines text using a rule of construction is, by definition, not explicit. Even if the guideline commentary can be read in the manner Vega-Genova proposes, any resulting prohibition against double counting would still be implied. Absent an express prohibition in § 2K2.1 itself, Vega-Genova cannot show that application of the dual trafficking and exporting enhancements in this case was impermissible. *See Luna*, 165 F.3d at 323; *Mendoza*, 556 F. App'x at 327. He therefore fails to show sentencing error. *See Fernandez*, 770 F.3d at 342.

We AFFIRM the judgment.

3