# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 10, 2021

Lyle W. Cayce
Clerk

No. 19-30876
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DESHAWN LOMAS, *also known as* D.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:06-CR-158-1

Before JONES, BARKSDALE, and STEWART, *Circuit Judges*.

PER CURIAM:*

In 2007, Deshawn Lomas, federal prisoner # 02686-095, pleaded guilty to: one count of conspiracy to possess, with intent to distribute, methylenedioxymethamphetamine and 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count One); four counts of distribution of five

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Counts Two through Five); one count of distribution of 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count Six); and possession of cocaine, in violation of 21 U.S.C. § 844(a) (Count Seven).  The presentence investigation report deemed Lomas a career offender under the Sentencing Guidelines, giving him a Guidelines range of 262- to 327-months' imprisonment and 10-years' supervised release.  The district court sentenced Lomas to, *inter alia*, 300-months' imprisonment and 10-years' supervised release.  Lomas did not appeal.

Now, he challenges the court's denial of his 2019 motion for a reduced sentence pursuant to § 404 of the First Step Act of 2018 (First Step Act). Reducing a sentence pursuant to the First Step Act is generally reviewed for abuse of discretion.  *United States v. Jackson*, 945 F.3d 315, 319 (5th Cir. 2019).  Along that line, a resentencing court has broad discretion in determining resentencing because "nothing in [§ 404] shall be construed to require a court to reduce any sentence".  First Step Act, § 404(c).  On the other hand, a court abuses its discretion when it "makes an error of law or bases its decision on a clearly erroneous assessment of the evidence".  *United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011) (internal quotation marks and citation omitted).

The Fair Sentencing Act of 2010 (made retroactive by the First Step Act) lowered, *inter alia*, Lomas' supervised-release range to eight years. Notwithstanding the court's reducing his supervised-release term to eight years, Lomas contends the court erred in denying him a reduction in his imprisonment sentence.  He maintains the court relied on an inaccurate assumption it lacked the authority to vary his unchanged Guidelines sentencing range—262- to 327-months' imprisonment—when it declined to reduce his sentence because "the original sentencing judge imposed a [G]uideline sentence".

The district court did not misinterpret its authority under the First Step Act. Rather, it exercised its discretion by declining to impose a downward variance for Lomas' imprisonment sentence. *See United States v. Carr*, 823 F. App'x 252, 254–55 (5th Cir. 2020) (rejecting the same contention regarding a district court's interpretation of its discretion under the Fair Step Act); *United States v. Pino Gonzalez*, 636 F.3d 157, 160 (5th Cir. 2011) (holding an unpublished case is "highly persuasive" where it has "explicitly rejected the identical argument [defendant] advances"); *see also United States v. Batiste*, 980 F.3d 466, 478 (5th Cir. 2020) (affirming the district court's denial of a sentence reduction for a still-within-Guidelines sentence because the court, "having evaluated all pertinent factors, simply exercised its statutory discretion to deny the motion").

In addition, Lomas asserts the court's use of an inapplicable form in its ruling evinces the court's misapprehension of its discretion to reduce his sentence. Even if an improper form was used, the court stated it "chooses" not to impose a downward variant sentence—obviating any inference the court felt bound by the form. *See Carr*, 823 F. App'x at 255 n.2 (rejecting the same claim). Lomas fails to demonstrate the requisite abuse of discretion regarding the court's use of the form or its statement of reasons for denying the motion.

AFFIRMED.