# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 7, 2022

Lyle W. Cayce
Clerk

No. 21-51063
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Juan Salvador Cordova-Briseno,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-333-1

Before Barksdale, Higginson, and Ho, *Circuit Judges*.

Per Curiam:*

For his guilty-plea conviction, Juan Salvador Cordova-Briseno challenges his 46-months' prison sentence for transporting illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (B)(ii). He challenges the district court's imposition of a four-level enhancement under Sentencing Guideline

---

\* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-51063

§ 2L1.1(b)(4), which applies when the offense involved transporting an alien under the age of 18 who was unaccompanied by a parent, adult relative, or legal guardian (unaccompanied). U.S.S.G. § 2L1.1(b)(4) & cmt. n.1. The court imposed the enhancement based on the presentence investigation report's (PSR) stating: the transported aliens included two minors; and there was no indication they were accompanied.

Cordova contends the court erred by failing to consider whether he had knowledge of the minors' presence, or whether their presence was reasonably foreseeable, as required by Guideline § 1B1.3(a)(1)(B). He also claims the evidence was insufficient to support a finding the minors were unaccompanied.

Cordova (as he concedes) did not raise these two issues in district court. Therefore, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Cordova must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, our court has the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

The district court did not commit the requisite clear or obvious error in applying Guideline § 2L1.1(b)(4). The reasonably-foreseeable standard in Guideline § 1B1.3(a)(1)(B) applies when determining whether the actions of others, occurring during a jointly undertaken criminal activity, are considered in calculating a defendant's Guidelines sentencing range. The enhancement in Guideline § 2L1.1(b)(4), however, applies to the defendant's own actions, without consideration of his knowledge, or the foreseeability, of the minors' involvement. Guideline § 1B1.3(a)(1)(A), (B);

§ 2L1.1(b)(4); *United States v. Flores-Avila*, 783 F. App'x 440, 440–41 (5th Cir. 2019) (Although unpublished, *Flores-Avila* is "highly persuasive" because it "explicitly rejected [an] identical argument". *United States v. Pino Gonzalez*, 636 F.3d 157, 160 (5th Cir. 2011)).

For his second issue, Cordova contends the evidence was insufficient to show the minors were unaccompanied because there were several adults among the aliens he transported. Generally, the PSR "bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations". *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (citations omitted). Therefore, the court "may adopt the facts contained in a [PSR] without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable". *Id.* (alteration in original) (citations omitted). Along that line, if defendant fails to present rebuttal evidence, the court is "free to adopt the PSR's findings without further inquiry or explanation". *United States v. Rodriguez*, 602 F.3d 346, 363 (5th Cir. 2010).

At sentencing, Cordova did not question the information presented in the PSR about the unaccompanied minors, nor did he offer any rebuttal evidence. The PSR noted its information was obtained from the investigative files of the United States Border Patrol and Homeland Security Investigations. In *Harris*, our court ruled the district court did not err by relying on information in the PSR taken from police reports in the absence of any attempt by defendant to question the reliability of that information at sentencing. 702 F.3d at 228, 230–31. For the same reasons here, the court did not commit the requisite clear or obvious error by relying on information in the PSR to find the minors were unaccompanied. *See id.*; *see also Rodriguez*, 602 F.3d at 363; *Flores-Avila*, 783 F. App'x at 441 (defendant's comment at sentencing "the minor was not alone because he was accompanied by two

No. 21-51063

people was insufficient to demonstrate, contrary to the PSR, that the minor was accompanied by the minor's parents, adult relative, or legal guardian").

AFFIRMED.